UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOROTHY SCOTT WILSON,

    Plaintiff,

v.                                              Case No: 8:16-cv-2767-T-33JSS

COLIN GOOD, ALEXANDER
PHILIPPOU and MARTHA PHILIPPOU,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2) and Affidavit of Indigency (Dkt. 2-1), which the Court construes as a Motion for Leave to Proceed *in Forma Pauperis*. (Dkt. 2.) Upon consideration of Plaintiff's Complaint, it appears that this Court lacks subject-matter jurisdiction over this case. Therefore, it is recommended that Plaintiff's Complaint be dismissed.

Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security. 28 U.S.C. § 1915(a)(1). However, when an application to proceed *in forma pauperis* is filed, the court must review the case and dismiss it sua sponte if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Additionally, a federal court may raise jurisdictional issues on its own initiative at any stage of litigation, and the court may dismiss a complaint for lack of subject-matter jurisdiction based on the complaint alone. *Butler v. Morgan*, 562 F. App'x 832, 834 (11th Cir. 2014). In this case, Plaintiff alleges that diversity jurisdiction exists over her breach of contract claim under 28 U.S.C.

§ 1332.  (Dkt. 1.)  Diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000.  28 U.S.C. § 1332.

Plaintiff, a citizen of Florida, names Colin Good, Peter Philippou, Alexander Philippou, and Martha Philippou as Defendants in this case.  (Dkt. 1.)  Plaintiff provides that Peter Philippou, Alexander Philippou, and Martha Philippou reside in the United Kingdom, and Colin Good resides in Davenport, Florida.[1]  As such, it appears that Plaintiff and Defendant Colin Good both reside in Florida.  *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant.").  Nevertheless, Plaintiff must allege diversity of citizenship, not just residency.[2]  *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person.").  Accordingly, it is

**RECOMMENDED**:

1. Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Dkt. 2) be **DENIED**.
2. Plaintiff's Complaint (Dkt. 1) be **DISMISSED** without prejudice and with leave to file an amended complaint to allege the citizenship of each party.

**IT IS SO REPORTED** in Tampa, Florida, on October 5, 2016.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

---

[1] Initially, in the Complaint, Plaintiff lists the address of attorney Kelly A. Greene's law firm in Orlando, Florida, as the address for each Defendant.  (Dkt. 1 at 2.)  Subsequently, however, Plaintiff provides the address of each Defendant in the service list following the Complaint.  (Dkt. 1 at 6.)

[2] For purposes of diversity jurisdiction, "[c]itizenship is equivalent to 'domicile,'" which is the place of an individual's "true, fixed, and permanent home and principal establishment" to which the individual has the intention of returning.  *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002).  "An assertion of permanent residency sufficiently alleges domicile."  *Dyer v. Wal-Mart Stores, Inc.*, 535 F. App'x 839, 841 n.2 (11th Cir. 2013) (citing *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1342 (11th Cir. 2011)).

- 3 -

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
Counsel of Record
Unrepresented Party